UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JEANNINE CRUZ                                            CIVIL ACTION

v.                                                       NO. 13-5220
                                                         c/w 09-6304

CITY OF HAMMOND                                          SECTION "F"

ORDER AND REASONS

Before the Court is the defendant City of Hammond's motion to strike the plaintiff's amended witness lists. For the reasons that follow, the motion is GRANTED.

**Background**

Jeannine Cruz sued the City of Hammond in 2009 and 2013 in this Court, alleging claims for religious discrimination, retaliation, and intentional infliction of emotional distress under state and federal laws, including 42 U.S.C. § 1983, arising from her employment as a police officer with the Hammond Police Department. Although she was ultimately reinstated (and granted back pay) following administrative proceedings that lasted several years, she is pursuing her remaining claims against the City of Hammond before this Court.

Ms. Cruz's 2009 case was stayed pending related state and administrative matters. The state court proceedings and administrative process went on for several years. In 2013 when the state court remanded the case to the Civil Service Board, the

1

plaintiff filed her 2013 lawsuit.  For some reason, after Ms. Cruz filed her 2013 lawsuit, even though administrative proceedings were ongoing, no party requested a stay of the 2013 lawsuit.  Rather, the Court held a scheduling conference on January 30, 2014 at which time discovery deadlines and a trial schedule were selected.  That scheduling order required, among other things, that witness lists be filed by August 7, 2014.  The plaintiff timely filed her first witness list containing 23 witnesses and included several additional general categories of witnesses.  When the discovery deadlines and deadline for filing pretrial motions were imminent, the City of Hammond urged the Court to continue the trial scheduled in the 2013 case.  The parties advised the Court that Ms. Cruz had been reinstated and, since that time, was provided back pay and emoluments.  The Court granted the defendant's opposed motion to continue the trial setting in the 2013 case, noting that little discovery had taken place, the 2009 case had not even been restored to the docket, and neither side would be prejudiced; in fact, the Court observed, it was reasonable to assume that the parties needed to streamline the issues remaining after the administrative proceedings had been resolved.  See Order and Reasons dated September 4, 2014.  Thereafter, the 2009 case was reopened.

To resolve the plaintiff's remaining claims in both lawsuits, the Court held another scheduling conference, and issued a new scheduling order in which the Court and counsel selected a May 4,

2015 jury trial, along with other deadlines, including a requirement that witness lists must be filed by February 13, 2015. Without requesting an extension of time to file her witness lists, without seeking leave of Court, and without offering any excuse for filing tardy witness lists, the plaintiff filed one amended witness list on March 9, 2015 (adding 16 additional witnesses to the witness list filed in 2014) and she filed yet another amended witness list on March 20, 2015 (adding 4 additional witnesses). The City of Hammond now seeks to strike the March 9 and 20 amended witness lists.

I.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order, once issued, "may be modified only for good cause and with the judge's consent." Moreover, pursuant to Rule 16(f), the Court may sanction a party that "fails to obey a scheduling or other pretrial order." This Court's scheduling order warns counsel that a request for an extension of deadlines will only be granted "upon timely motion filed in compliance with the Local Rules and upon a showing of good cause." Finally, the scheduling order, consistent with Rule 16(f), articulates the sanction to be imposed if witness or exhibit lists are not filed in compliance with the scheduling order:

> The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on

3

motion for good cause shown.

The defendant contends that the plaintiff's amended witness lists were filed in contravention of Rule 16(b) and this Court's scheduling order.[1]  Accordingly, the defendant urges the Court to strike the amended witness lists and preclude these witnesses from testifying at trial.  An order striking the amended witness lists is warranted where, as here, the plaintiff offers no reasonable explanation for the tardy submission, has failed to persuade the Court that the additional 20 witnesses are vital to the proof of the remaining claims, the City of Hammond will suffer prejudice if the 20 additional witnesses are allowed to testify at the trial where the discovery deadline has now passed, and a continuance would cause additional prejudice.  Simply put, the Court reasonably exercises its broad discretion to preserve the integrity of the scheduling order when the plaintiff has failed to show good cause for the patently tardy submission.

The Court considers four factors in determining whether the good cause standard is met: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.  See

---

[1] The defendant notes that the plaintiff failed to properly request leave of Court to file her amended witness lists and that the plaintiff has not shown good cause for filing her tardy witness lists.

<u>Southwestern Bell Tel. Co. v. City of El Paso</u>, 346 F.3d 541, 546 (5th Cir. 2003); <u>see</u> <u>also</u> <u>Barrett v. Atl. Richfield, Co.</u>, 95 F.3d 375, 380 (5th Cir. 1996).  None of these factors favor the plaintiff.

First, having failed even to seek leave of Court to submit out of time her amended witness lists, the plaintiff offered no explanation whatsoever to why she could not have notified the defendant and the Court sooner as to these 20 additional witnesses. The "explanation" offered in her opposition papers is that she expressly reserved her right to supplement and amend her timely filed witness list and, therefore, she is entitled to amend the witness list within the discovery deadline.  This argument is frivolous.  To accept it would make meaningless and trivialize deadlines and schedules altogether, rendering the Court powerless to enforce blatant disregard of any pretrial deadlines.

Second, the plaintiff suggests that these 20 newly identified witnesses "are material and important to ascertaining the truth in this matter."  Particularly in the context of this long-running dispute among these parties, the plaintiff fails to persuade. She claims that many of these new witnesses will offer testimony about the retaliatory nature of her being written up and eventually fired for issues related to her mobile video recorder and her failure to appear in court.  However, if these newly added witnesses were

sufficiently important to prove her *remaining* claims[2] -- which are based on facts from more than five years ago -- the plaintiff would have identified them well before March 2015.

Third, the Court considers potential prejudice that the defendant might suffer if the plaintiff is permitted to call these 20 additional witnesses.  The defendant suggests that the untimely amended witness lists pose great prejudice to it, given that by the time the Court issues its ruling, the deposition and discovery deadlines will have since expired.  The defendant suggests that this "trial by ambush" should not be permitted and that the five days allotted for this trial will be expanded to accommodate these 20 new witnesses.  The plaintiff counters that the defendant will suffer no prejudice because most of the witnesses are within the defendant's control and "[a]fter years of litigation before the Civil Service Board, State courts, and before this Court, it is disingenuous to suggest anything related to these proceedings constitutes 'trial by ambush.'"  The Court disagrees.  The defendant will be prejudiced if the plaintiff is permitted to call 20 additional witnesses.  Deadlines are in place to provide the parties and the Court with some measure of predictability.  It

---

[2]The Court underscores that Ms. Cruz has been reinstated and has received back pay.  The defendant submits that the plaintiff should not be permitted to re-litigate her termination claim, which was resolved and now moot; she has added new witnesses that were involved in her administrative and state proceedings.  The Court agrees, and reminds all counsel and parties of the mandate of 28 U.S.C. § 1927.

would have been reasonable for the defendant to focus its discovery efforts on only those witnesses it intended to call and for those it had been notified that the plaintiff would call.  To now allow the plaintiff to call at trial witnesses who were only identified well-after the deadline to issue written discovery requests and only days leading up to the actual discovery and deposition deadline would be unfair, prejudicial, and not in the interests of justice.

Fourth, and finally, the Court considers whether a continuance could cure the prejudice to the defendant.  Noticeably absent from the plaintiff's opposition papers is any mention of this factor.  No doubt because it favors the defendant's position.  The defendant points out that the Court has previously cautioned: "Once new deadlines are set, no continuances will be granted."  And the defendant realistically observes that this matter has been pending since 2009 such that yet another continuance would cause, not cure, prejudice insofar as the defendant has been defending against the plaintiff's claims in several venues over the last seven years.  The Court agrees.  To continue deadlines in litigation that has been pending for so long simply because the plaintiff has inexplicably disregarded her obligation to timely advise her adversary of all of the witnesses she recently decided she wants to call would cause more prejudice than it would cure.

The defendant's motion to strike is GRANTED.  Again, attention

should be drawn to the provisions of 28 U.S.C. § 1927.

New Orleans, Louisiana, March 30, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE