UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEANNINE CRUZ                                          CIVIL ACTION

VERSUS                                                NO. 09-6304 c/w 13-5220

CITY OF HAMMOND                                       SECTION "F" (2)

## ORDER AND REASONS ON MOTIONS

Defendant, the City of Hammond, has filed two ex parte motions to seal exhibits: (1) Defendant's Ex Parte Motion to Seal Exhibit B to Defendant's Memorandum in Support of Motion for Reconsideration of the Court's Order on Defendant's Motion to Quash and Motion to Stay, Record Doc. No. 90, and (2) Defendant's Ex Parte Motion to Seal Exhibit A and Excerpt of Exhibit D to Defendant's Opposition Memorandum to Plaintiff's Motion to Compel Additional Discovery and Testimony, Record Doc. No. 93. Having considered in camera the exhibits that are proposed for sealing, defendant's arguments and the applicable law, IT IS ORDERED that both motions are DENIED for the following reasons.

The court is a public forum. Its record is presumptively a public record, open to view by all, and requests to seal the court's record are not lightly granted or considered. The decision to seal a record "must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public." United States v. Holy Land Found., 624 F.3d 685, 690 (5th Cir. 2010) (quotation omitted).

To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure.  Courts recognize a common law right to access judicial records and proceedings, but the right is not absolute.  Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better.  It follows then that the district court's discretion to seal the record of judicial proceedings is to be exercised charily.  Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption.  The decision as to access is left to the discretion of the trial court, but <u>any doubt must be construed in favor of disclosure</u>.

<u>Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.</u>, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005) (quotations omitted) (emphasis added) (citing <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 599 (1978); <u>Grove Fresh Distribs., Inc. v. Everfresh Juice Co.</u>, 24 F.3d 893, 897 (7th Cir. 1994); <u>Leucadia, Inc. v. Applied Extrusion Techs., Inc.</u>, 998 F.2d 157, 165 (3d Cir. 1993); <u>Sec. & Exchg. Comm'n v. Van Waeyenberghe</u>, 990 F.2d 845, 848-49 (5th Cir. 1993); <u>Bahwell v. Stanley-Bostitch, Inc.</u>, No. 00-0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002); <u>Marcus v. St. Tammany Parish Sch. Bd.</u>, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)); <u>accord Reichert v. Starring</u>, No. 11-2171, 2011 WL 4404117, at *1 (E.D. La. Sept. 21, 2011); <u>Pamlab, L.L.C. v. Brookstone Pharm., L.L.C.</u>, No. 09-7434, 2010 WL 4363870, at *2-3 (E.D. La. Oct. 22, 2010).

The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the

2

functioning of the process in question.  This presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest."

Grove Fresh Distribs., 24 F.3d at 897 (quoting Press-Enter. Co. v. Superior Ct., 464 U.S. 501, 510 (1984)) (additional quotation omitted).

In the instant case, the confidentiality provision in a prior settlement agreement between the defendant City and non-parties to this matter "does not bind the court in any way." Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n, 710 F.2d 1165, 1180 (6th Cir. 1983); accord In re Enron Corp. Sec., Derivative & ERISA Litig., 623 F. Supp. 2d 798, 838 (S.D. Tex. 2009); Griffin v. Mashariki, No. 96 Civ. 6400(DC), 1997 WL 756914, at *2 (S.D.N.Y. Dec. 8, 1997).  This is the only interest that defendant cites in its motion to seal the settlement agreement.

Similarly, the agreement of the parties in the instant matter to place under seal an excerpt from the deposition testimony of Mayor Mayson Foster does not bind the court, particularly where, as here, no reason is given for the proposed sealing.  The lack of objection by any party "to the sealing of the records here is 'inconsequential,' because the presumption of openness does not depend on such an objection." United States v. Patel, No. 06-60006, 2008 WL 5428044, at *9 (W.D. La. Dec. 24, 2008) (quoting Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003)); see also Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is

3

duty-bound therefore to review any request to seal the record (or part of it) . . . .  [She] may not rubber stamp a stipulation to seal the record.").  If the parties wish to protect the names of non-parties cited in the Mayor's testimony, they may redact the names fully or partially from the deposition exhibit or otherwise "write around" the names in their briefs.

Finally, the public's common law right of access to this court's records has particular application to this lawsuit involving a public entity that collects and spends tax dollars and to individuals who either presently or formerly occupied public offices.  In a different but analogous context, the Fifth Circuit has stated:

> [A] district court has the discretion to seal a record, but we think that this discretion should be used with care and exercised only where the justifications for doing so appear . . . strong[ ] . . . .  [P]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view.

In re High Sulfur Content Gasoline Prods. Liab. Litig., 517 F.3d 220, 230 (5th Cir. 2008) (quotations and citations omitted).

Public concerns are especially significant when considering whether to prevent disclosure of litigation matters that involve a government party.  "The public's interest is particularly legitimate and important where . . . at least one of the parties to the action is a public entity or official."  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 784 (3d Cir. 1994); accord Arnold v. Pa. Dep't of Transp., 477 F.3d 105, 111 (3d Cir. 2007)

(citing <u>Shingara v. Skiles</u>, 420 F.3d 301, 306 (3d Cir. 2005)); <u>Marcus</u>, 1997 WL 313418, at *5.  Moreover, "privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny.  [T]he public has a substantial interest in the integrity or lack of integrity of those who serve them in public office.'" <u>Pansy</u>, 23 F.3d at 787 (quotation and citation omitted); <u>accord</u> <u>Marcus</u>, 1997 WL 313418, at *5.

> A factor which a court should consider in conducting the good cause balancing test is whether a party benefitting from the order of confidentiality is a public entity or official.  Similarly, the district court should consider whether the case involves issues important to the public.  If [litigation] involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor weighing against entering or maintaining an order of confidentiality.

<u>Pansy</u>, 23 F.3d at 788 (citation omitted); <u>accord</u> <u>Arnold</u>, 477 F.3d at 111; <u>Sec. & Exchg. Comm'n v. Van Waeyenberghe</u>, 990 F.2d 845, 848-49 (5th Cir. 1993); <u>Jaufre v. Taylor</u>, 351 F. Supp. 2d 514, 518 (E.D. La. 2005); <u>Marcus</u>, 1997 WL 313418, at *5.

Defendant in this case has failed to carry its burden to demonstrate that its interest in either the confidentiality of the settlement agreement or the excerpt from Mayor Foster's deposition testimony outweighs the important public interest that all trial court proceedings should be subject to scrutiny.  Defendant itself is a public entity.  The materials it seeks to seal relate to a dispute over public employment practices involving public employees, public work and public money.  I find that the public interest in government transparency outweighs any conceivable interest in sealing these matters.

In this instance, "[s]ealing the record protects no legitimate privacy interest that would overcome the public's right to be informed." In re High Sulfur Content Gasoline Prods. Liab. Litig., 517 F.3d at 230.  Accordingly, the motions are denied.

Pursuant to Local Rule 5.6(D), "[i]f the motion to file under seal is denied, the movant may file another motion to remove the document(s) from the record within seven days.  If no such motion is timely filed, the document(s) must be filed as a public record."

New Orleans, Louisiana, this _____2nd_____ day of April, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE